LIFFORD ABERNATHY AND AUDREY ABERNATHY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Abernathy v. Commissioner
Docket No. 30553-89
United States Tax Court
T.C. Memo 1992-237; 1992 Tax Ct. Memo LEXIS 244; 63 T.C.M. (CCH) 2834; April 21, 1992, Filed *244 Decision will be entered under Rule 155. Charles J. Friddell, for petitioners. Rebecca A. Dance, for respondent. CLAPP
CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: Respondent determined the following deficiencies in and additions to petitioners' Federal income taxes: Additions to Tax
Sec.
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6653(a)(1)
6653(a)(2)
6653(a)(1)(A)
6653(a)(1)(B)
6661
1984
$ 36,252
$ 1,813
n1
--  --
$ 1,838
1985
206,417
10,321
n1
--  --
13,186
1986
100,733
--  --
$ 5,037
[1]  15,701
1987
67,189
--  --
3,359
[1]  6,024
After concessions by the parties, the issues are: (1) Whether petitioners are liable for the additions to tax for negligence under section 6653(a)(1) and (2) for 1984 and 1985 and section 6653(a)(1)(A) and (B) for 1986 and 1987. We hold that they are. (2) Whether petitioners are liable for the additions to tax for substantial understatements under section *245 6661 for 1984 through 1987. We hold that they are. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT We incorporate by reference the stipulation of facts and attached exhibits. Petitioners resided in Athens, Alabama, at the time of the filing of their petition. References to petitioner in the singular are to Lifford Abernathy. Petitioners operated a used car dealership for the years at issue in the form of a sole proprietorship under the name Abernathy Motors. During the years at issue, petitioners sold used cars both on a cash basis, including currency, and on a credit basis. Petitioners maintained a checkbook for Abernathy Motors and saved receipts and automobile bills of sale for the cars they sold. Petitioners' records for their business also included some cash receipts records and records of payments and balances due on credit sales. Petitioners' credit sales took the form of what they called a "tote-the-note" sale. Essentially, petitioners sold used cars, at least in part, on the buyers' personal credit or personal promissory notes; *246 buyers would take title to and possession of the car and then pay Abernathy Motors the balance due over time. Petitioners accounted for these credit sales by using a method similar to the completed contract method. The total gross profit from the sales was recognized in the year when the final payment was made. petitioners employed Alfred Grubbs (Grubbs) to prepare their tax returns for 1984, 1985, and 1986. Petitioners supplied information regarding used car purchases and sales to Grubbs who prepared their tax returns, which petitioners signed without significant review. In April or May 1988, petitioners hired Wesley H. Brown, Jr., a certified public accountant, to complete their 1987 tax return and to begin performing their accounting work on a monthly basis. Respondent determined deficiencies in petitioners' taxes for the years 1984 through 1987, the amounts of which were determined pursuant to respondent's bank deposits and net worth analyses. Specifically, respondent determined that petitioners' method of accounting for their retail credit sales was improper. Respondent also determined that petitioners did not report at least some of their cash sales and the gross income *247 generated therefrom on their 1984 through 1987 tax returns. The parties subsequently stipulated that petitioners understated gross income for 1984, 1985, 1986, and 1987 by $ 232,332, $ 269,509, $ 205,739, and $ 126,119, respectively. In addition, the parties stipulated that petitioners overstated deductions in the amounts of $ 3,271 and $ 4,885 for 1985 and 1986, respectively. OPINION Section 6653(a)(1) and (2) for 1984 and 1985 and section 6653(a)(1)(A) and (B) for 1986 and 1987 impose an addition to tax if any part of the underpayment of tax is due to negligence. An underpayment is defined as a statutory deficiency. Secs. 6211(a), 6653(c). Since the parties have stipulated, inter alia, that petitioners substantially understated gross income and overstated certain deductions, there can be no dispute that underpayments by petitioners for the years at issue exist. Petitioners' liability for the additions to tax under section 6653(a), therefore, turns on the existence of negligence by petitioners in the preparation of their returns. Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. ; *248 . Respondent's determination is presumed to be correct, and petitioners have the burden to prove that it was erroneous. Rule 142(a); . Petitioners claim that they provided all of the information necessary to properly and accurately file their tax returns, and that they then relied on their paid tax return preparer to correctly complete their returns. In particular, petitioners argue that, given petitioner's minimal level of formal education, they could not have known that the "tote-the-note" credit system required current inclusion of gross profit in determining their taxable income. Respondent maintains that in addition to the improper accounting treatment applied to petitioners' credit sales, the deficiencies are a result of substantial underreporting of cash sales. The general rule is that a taxpayer cannot avoid the duty to file accurate tax returns by employing an agent. Nor can taxpayers shift their filing responsibility simply by providing their filing information to an agent. ; *249 . In certain limited circumstances, however, when a taxpayer provides the necessary information to an agent, he may avoid the additions to tax for negligence. The exception is restricted to circumstances, inter alia, where the filing questions raised are difficult or complex. See, e.g., ; , affd. . Here, petitioners substantially understated gross income for the years at issue. Large understatements will justify imposition of the section 6653(a) addition to tax absent reasonable taxpayer explanation. ; ; . The impropriety of deferring income recognition in connection with petitioners' "tote-the-note" credit sales was not beyond petitioners' understanding. Significantly, in this regard, *250 we note that petitioners failed to review the tax returns prepared for them by their paid preparer. Moreover, we are convinced that such substantial overstatements are due, at least in part, to petitioners underreporting of cash sales. See . On this record, we hold petitioners are liable for the additions to tax for negligence under section 6653(a)(1) and (2) for 1984 and 1985 and section 6653(a)(1)(A) and (B) for 1986 and 1987. Respondent also determined that petitioners understated their income tax liability and, therefore, are liable for additions to tax under section 6661. The amount of a section 6661 addition to tax assessed after October 21, 1986, is 25 percent of the underpayment attributable to such substantial understatement. Sec. 6661(a); . Here, the parties stipulated the deficiencies determined by respondent. The deficiencies are more than $ 5,000 and are greater than 10 percent of the amounts required to be shown on the returns. Thus, the understatements are substantial within the meaning of section 6661(b). *251 Petitioners did not enter evidence or argue that the returns adequately disclosed facts regarding the understatements or that substantial authority supported their return position. Sec. 6661(b)(2)(B). We hold that petitioners are liable for the additions to tax under section 6661. Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the deficiency.↩